O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR 08-01147 DDP |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING DEFENDANT'S MOTION** |
| v. | ) | **FOR RELEASE ON BOND PENDING** |
| | ) | **APPEAL** |
| NATHANIEL NEWHOUSE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | [Dkt. No. 234] |

Presently before the court is Defendant Nathaniel Newhouse ("Newhouse")'s Motion for Release on Bond Pending Appeal. Having considered the submissions of the parties, the court denies the motion and adopts the following order.

**I.  Legal Standard**

A defendant may be released on bond pending appeal if the court finds 1) clear and convincing evidence that the defendant is not likely to flee or pose a danger to the community or to any person, and 2) that the appeal is not made for purposes of delay and "raises a substantial question of law or fact likely to result" in reversal, new trial, or a sentence that does not require

continued imprisonment.[1] 18 U.S.C. § 3143. Where, as here, a defendant is convicted of certain drug offenses, it must also be "clearly shown that there are exceptional reasons why such person's detention would not be appropriate."[2] 18 U.S.C. § 3145(c); United States v. Garcia, 340 F.3d 1013, 1015 (9th Cir. 2003).

**II. Discussion**

Newhouse asserts that exceptional reasons warrant his release pending appeal for two reasons. First, Newhouse argues that the crimes of which he was convicted, which involved prescription medications, are "not in the same class as typical federal drug offenses" that carry similar sentences. (Motion at 5.) Second, Newhouse contests that there is an "unusually strong" chance that he will succeed on appeal.[3] (Mot. at 1, 5.) The court will address each argument in turn.

In United States v. Garcia, the Ninth Circuit held that this court has broad discretion to consider a wide range of factors and the totality of the circumstances of a particular case in determining whether "exceptional reasons" warrant a defendant's release on bond. Garcia, 340 F.3d at 1018. The court explained that relevant factors might include, for example, aberrant activity

---

[1] A party may seek approval of a supersedeas bond in this court or, upon failure to receive such relief, in the Court of Appeals. Fed. R. App. P. 8(a).

[2] Newhouse was convicted of three counts of possessing controlled substances with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

[3] Newhouse's motion refers to his appellate briefs, the last of which was filed January 18, 2012. See Ex. B in Support of Motion, Dkt. No. 241. Though Newhouse's appellate arguments raise both probable cause and Batson issues, the instant motion explicitly focuses on the probable cause issue alone. (Mot. at 5:23, 6:1-2.).

on the part of an otherwise exemplary citizen or severe illness. Id. at 1019-1020. The court further held that "various factors may lead the district court to believe that the particular act committed by the defendant . . . is sufficiently dissimilar from the others in that category [of offenses] to warrant a finding of 'exceptional reasons.'" Id. at 1019.

Here, Newhouse argues that "typical" drug offenses involving maximum sentences of at least ten years involve "illegal-for-any-purpose narcotics like cocaine, heroin, methamphetamine, or marijuana . . . ." (Mot. 5.) Because his offenses involved the unlawful resale of otherwise lawful prescription medications, oxycodone, hydromorphone, and hydrocodone, Newhouse argues that his offenses are sufficiently distinct from other drug offenses to constitute "exceptional circumstances." The court disagrees. As the Garcia court itself noted, the "exceptional reasons" provision only applies in "truly unusual circumstances." Id. at 1022. Newhouse points to no unusual circumstance specific to his particular case, but rather asks the court to distinguish prescription drug offenses from all other drug offenses. It is not for this court, however, to determine whether powerful prescription medications such as oxycodone, hydromorphone, and hydrocodone are more or less "serious" than marijuana and other drugs. Accordingly, the nature of Newhouse's specific offenses does not clearly show that "exceptional reasons" warrant his release.

Newhouse also argues that there is an unusually strong chance that he will succeed on appeal on the ground that law enforcement officers did not have probable cause to arrest him, and therefore the fruits of the arrest should have been suppressed. (Mot. at 6.)

Newhouse contends that he was effectively arrested when Drug Enforcement Agency ("DEA") agents blocked his car with their vehicles and approached Newhouse with guns drawn. (Mot. at 7.) Prior to that time, officials had received complaints from a pharmacy that certain individuals, including one of Newhouse's co-defendants, were presenting multiple prescriptions for controlled prescription medications written by the same doctor, Dr. Sanchez, with whom the DEA was already familiar. (Exhibit B to Opposition to Motion for Release on Bond Pending Appeal at 35.) On February 5, 2008, agents observed as three co-defendants, including co-defendant Nelson Rodriguez ("Rodriguez"), filled prescriptions written by Dr. Sanchez. (Id.) The three co-defendants then left the pharmacy with a fourth co-defendant, Leslie Wilson ("Wilson"). (Id.) The four drove together in a Honda to a parking lot, where they waited for an hour until Newhouse arrived in a separate vehicle. (Id. at 37-38.) Wilson then exited the Honda and walked over to Newhouse's car with a pharmacy bag in hand and got into Newhouse's car. (Id. at 40.) Shortly thereafter, Wilson exited the car empty-handed and returned to the Honda. (Id. at 44, Mot. at 3) A third car, a Cadillac, also arrived at the parking lot soon after Newhouse. (Ex. B to Opp. at 42.) After Wilson exited Newhouse's car, an individual exited the Cadillac and also entered Newhouse's car. (Id. at 45.) Co-defendant Rodriguez, who had filled a prescription earlier, then exited the Honda and entered Newhouse's car as well. (Id. at 45-46.) Then, as the Honda began to leave the parking lot, DEA agents moved in. (Id. at 52).

The arresting officers need only have had "reasonably trustworthy" information of facts and circumstances "sufficient to warrant a prudent man in believing" that a crime had been, or was being, committed. United States v. McCarty, 48 F.3d 820, 838-839 (9th Cir. 2011) (quoting United States v. Jensen, 425 F.3d 698, 704 (9th Cir. 2005) (internal marks omitted). Here, officers knew that individuals had been filling prescriptions written by a doctor known to the DEA. Several such individuals filled prescriptions for controlled substances, traveled together to a parking lot, then waited for Newhouse. Once Newhouse arrived, one of the occupants of the Honda delivered something to him in a pharmacy bag. Three separate individuals ultimately exited their own vehicles and entered Newhouse's car. Though Newhouse may raise a colorable claim on appeal that the facts as described above were not sufficient to establish probable cause, he has not demonstrated that his chances of success are "unusually strong." The strength of Newhouse's probable cause argument is, therefore, insufficient to constitute an "exceptional reason" to release him from custody pending appeal.

**III. Conclusion**

For the reasons stated above, Defendant's Motion for Release on Bond Pending Appeal is DENIED.

IT IS SO ORDERED.

Dated: April 13, 2012

DEAN D. PREGERSON
United States District Judge